**QUI HUA GAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General \*, Respondent.**

**No. 04–3714–ag.**

United States Court of Appeals, Second Circuit.

April 19, 2007.

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

former Attorney General John Ashcroft as respondent in this case.

Robert Leidenheimer, Assistant United States Attorney, (Jeffrey A. Taylor, United States Attorney, and Madelyn Johnson, Assistant United States Attorney, *on the brief*), United States Attorney's Office for the District of Columbia, Washington, D.C., for Respondent.

PRESENT: PIERRE N. LEVAL, JOSÉ, A. CABRANES, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner seeks review of an order of the Board of Immigration Appeals ("BIA") affirming, without opinion, a decision by Immigration Judge ("IJ") Philip L. Morace denying as untimely petitioner's motion to reopen removal proceedings. *See In re Qui Hua Gao,* No. A 73 183 195 (B.I.A. June 23, 2004), *aff'g* No. A 73 183 195 (Immig. Ct. N.Y. City Oct. 22, 2003). We assume the parties' familiarity with the facts and the procedural history of this case.

On appeal, petitioner contends that the IJ abused his discretion in denying as untimely (by more than six years) her motion to reopen removal proceedings.[1] Each of petitioner's arguments is without merit. First, petitioner's argument that the IJ should have granted the motion to reopen removal proceedings on the basis of her allegedly *bona fide* marriage fails because proving a *prima facie* case of eligibility for relief is not sufficient to require that an IJ grant an untimely motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 108, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (noting the agency's "right to be restrictive" because granting motions to reopen

"too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case") (internal quotation marks omitted).

Second, petitioner's reliance on 8 C.F.R. § 1003.23(b)(4)(iv) is inapt because the record clearly demonstrates that the government, rather than agreeing to reopening (as required by that regulation), actively opposed it.

Third, petitioner's argument that the IJ should have exercised his *sua sponte* authority to reopen removal proceedings is not reviewable by our Court. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) ("[The decision] whether to reopen a case *sua sponte* ... is entirely discretionary and therefore, beyond our review.").

Finally, petitioner's argument that the medical necessities of her U.S.-born child prevented her from voluntarily departing the United States is also unavailing. As Respondent's brief notes, "the IJ did not deny petitioner's application for adjustment as barred ... because petitioner failed to *depart voluntarily* [but] denied petitioner's motion to reopen *as untimely.*" Respondent's Brief at 38 (emphasis added).

We have considered petitioner's remaining arguments and find them to be without merit.[2] Accordingly, the petition for review is **DENIED**. Petitioner's motion for stay of deportation is also hereby **DENIED**.

---

1. Motions to reopen must be filed within 90 days of the entry of a removal order. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).

2. In particular, we reject petitioner's argument that she is entitled to equitable tolling of the statutory deadline for filing her motion to reopen due to ineffective assistance of counsel. It appears from the record that petitioner did not comply with the diligence require-

ments for pursuing an ineffective assistance claim set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). *See* Pet'r's Br. at 9 (conceding that petitioner "may not have perfectly fulfilled all the requirements of *Lozada* ").