**MIN LIU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

**No. 04–1308–ag.**

United States Court of Appeals, Second Circuit.

March 18, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted as the respondent in this case.

Yan Wang, New York, NY, for Petitioner.

Lev L. Dassin, Acting United States Attorney, Southern District of New York, Sue Chen, Special Assistant United States Attorney, Sarah S. Normand, Assistant United States Attorney, New York, NY, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Min Liu, a native and citizen of the People's Republic of China, seeks review of the February 17, 2004 order of the BIA denying her motion to reopen. *In re Min Liu,* No. A77 052 078 (B.I.A. Feb. 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Azmond Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Here, we find that the BIA did not abuse its discretion in denying Liu's motion to reopen because she failed

to demonstrate *prima facie* eligibility for asylum, withholding of deportation, or relief under the Convention Against Torture ("CAT"). Contrary to Liu's arguments, there is no indication that the BIA failed to sufficiently consider the documents she submitted in support of her motion to reopen. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336–37 n. 17 (2d Cir.2006) ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."). Furthermore, the letter from Liu's friend was not probative evidence that Liu would confront similar circumstances to the women that were allegedly sterilized and be at risk for sterilization. *Cf. Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) ("[Petitioner's] testimony that his sister-in-law had been forcibly sterilized ... would not be probative [as to his own fear of sterilization] even if believed because [he] omitted any evidence that might bear on whether [he] might be in similar circumstances....").

The BIA was not required to consider U.S. State Department's April 1998 Profile of Asylum Claims and Country Conditions when it had been presented to the IJ, and was therefore available at the time of Liu's January 2002 hearing. *See* 8 C.F.R. § 1003.2(c)(1). In any event, the passage from the Profile that Liu cites in her brief applies to Wenzhou Province, not her home province of Fujian. Moreover, as the IJ previously noted, the Profile indicated that some areas of Fujian Province allowed a second child if the first child was a girl, as in Liu's situation. Accordingly, the BIA did not abuse its discretion in determining that Liu failed to establish *prima facie* eligibility for the requested relief based on the birth of her second U.S. citizen child.

For the foregoing reasons, the petition for review is DENIED.