**TIAN FU GUO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

**No. 08–4133–ag.**

United States Court of Appeals, Second Circuit.

May 28, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Lee Ratner, of counsel, Law Offices of Michael Brown, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jessica E. Sherman,. Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Present GUIDO CALABRESI, ROBERT D. SACK and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Tian Fu Guo, a native and citizen of the People's Republic of China, seeks review of the August 1, 2008 order of the BIA denying his motion to reopen. *In re Tian Fu Guo,* No. A78 745 575 (B.I.A. Aug. 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

██ We review the BIA's denial of a motion to reopen for abuse of discretion. *See Azmond Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Because it is undisputed that Guo's March 2008 motion to reopen was filed four and a half years after the BIA's November 2003 decision and was the second such motion he had filed, the BIA properly observed that *his motion was both time and number barred,* unless he established that he was *prima facie* eligible for asylum based on changed circumstances arising in China. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii) (providing that the

time and numerical limits do not apply to a motion to reopen to apply for asylum "based on changed country conditions"); *Matter of C–W–L–,* 24 I. & N. Dec. 346 (BIA 2007).

██ Guo based his motion to reopen primarily on an alleged December 2007 notice from Chinese authorities ordering him to stop his Falun Gong activities in the United States and return to China for "punishment." [2] We find no error in the BIA's conclusion that this notice did not demonstrate changed country conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii). Although an applicant may establish eligibility for asylum based exclusively on activities undertaken after his arrival in the United States, *Hongsheng Leng v. Mukasey,* 528 F.3d 135, 138 (2d Cir. 2008), because Guo had filed a second untimely motion to reopen his proceedings to reapply for asylum, as a threshold matter, he was required to establish changed country conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Assuming Guo's credibility—as the BIA did for purposes of his motion—we note that Chinese authorities have been aware that he practices Falun Gong since his alleged arrest in April 2000. Therefore, the notice did not show a change in the Chinese government's awareness of his Falun Gong activity. Accordingly, we conclude that the BIA's denial of Guo's motion to reopen was not an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-

---

2. Because Guo's brief to this Court does not challenge the BIA's decision insofar as it considered his alleged fear of persecution under China's coercive population control program, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).