**YUE–YUN LIU, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–2713–ag.**

United States Court of Appeals, Second Circuit.

May 28, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Sarah Maloney, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yue–Yun Liu, a native and citizen of the People's Republic of China, seeks review of a May 15, 2008 order of the BIA, which denied her motion to reopen. *In re Yue–Yun Liu,* No. A73 134 652 (B.I.A. May 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evi-dence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Liu's untimely and number-barred motion to reopen or in finding her ineligible to file a successive asylum application.

██ Liu argues that the BIA erred by relying on its precedential decisions to summarily conclude that she failed to demonstrate material changed country conditions sufficient to excuse the time and limitations for filing her motion to reopen. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Although Liu argues that the agency erred in rejecting documents in the record solely based on her failure to properly authenticate them pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005), the BIA did not abuse its discretion in declining to accord more weight to Liu's unauthenticated evidence where that decision was also based on contrary evidence in the record, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration

proceedings lies largely within the discretion of the agency); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148–49 (2d Cir.2007). We further note that the 1988–2007 fine schedule for violations of the family planning policy in the record neither demonstrates a change in country conditions nor indicates that it is the fine schedule for Liu's home province.

Finally, the BIA's determination that Liu was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).