YAN QIN CHEN, a.k.a. Yanqin Chen, Petitioner,

v.

Eric H. HOLDER Jr., United States Attorney General,* Respondent.

No. 08–1075–ag.

United States Court of Appeals, Second Circuit.

May 28, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel; Craig A. Newell, Jr., Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Qin Chen, a native and citizen of the People's Republic of China, seeks review of a February 8, 2008 order of the BIA, which denied her motion to reopen. *In re Yan Qin Chen,* No. A77 317 716 (B.I.A. Feb. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Chen's untimely motion to reopen or in finding her ineligible to file a successive asylum application.

Chen argues that the BIA erred by finding that she failed to demonstrate material changed country conditions sufficient to

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

excuse the time limitation for filing her motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Although Chen argues that the agency erred in rejecting documents in the record solely based on her failure to properly authenticate them pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005), the BIA did not abuse its discretion in declining to accord more weight to Chen's unauthenticated evidence where that decision was also based on contrary evidence in the record, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148–49 (2d Cir.2007).

Finally, the BIA's determination that Chen was ineligible to file a successive asylum application was not in error. *See*

*Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).