SUMMARY ORDER

Petitioner Huang Ni, a native and citizen of the People’s Republic of China, seeks review of a July 28, 2008 order of the BIA, affirming the May 23, 2007 decision of Immigration Judge (“IJ”) Annette S. Elstein, which denied his motion to reopen. In re Huang Ni, No. A070 886,159 (B.I.A. July 28, 2008), aff'g No. A070 886 159 (Immig. Ct. N.Y. City May 23, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). *48 Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Ni’s untimely motion to reopen.
Ni waives any challenge to the IJ’s finding that he failed to demonstrate changed country conditions excusing the untimeliness of his motion to reopen. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Moreover, Ni’s argument that the BIA erred in finding that he failed to establish his prima facie eligibility for asylum, withholding of removal, and CAT relief fails. We have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. See Jian Hui Shao, 546 F.3d at 169-73 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).