**LUN HUA CHEN, also known as Lun Jing Chen, also known as Lunhua Chen, also known as Lunhuan Chen, also known as Lun–Huan Chen, Petitioner,**

v.

**Eric H. HOLDER Jr., United States**

Attorney General,[1] Respondent.

No. 08–3467–ag.

United States Court of Appeals,
Second Circuit.

July 15, 2009.

Gary J. Yerman, New York, NY, for Petitioners.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, Jem C. Sponzo, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Lun Hua Chen, native and citizen of the People's Republic of China, seeks review of a June 19, 2008 order of the BIA denying his motion to reopen his asylum-only proceedings.[2] *In re Lun Hua Chen,* No. A77 293 559 (B.I.A. June 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in finding

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

2.  Although Chen is challenging the denial of relief in "asylum-only" proceedings, as op-

posed to removal proceedings, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in asylum-only proceedings is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006).

that Chen's motion to reopen was untimely where it was filed more than five years after the BIA's September 2002 decision affirming the IJ's denial of relief. *See* 8 C.F.R. § 1003.2(c)(2). Nor was it an abuse of discretion to find that any change in Chen's personal circumstances, including the commencement of his practice of Christianity in the United States, could not excuse the untimely filing of his motion to reopen. *See Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir.2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir.2006) (finding that changed personal circumstances in the United States do not constitute "changed circumstances arising in the country of nationality").

Chen argues that the BIA failed to address his claim to the extent it was based on his prospective practice of Christianity upon return to China, as distinguished from his practice in the United States. The BIA, however, found that Chen failed to demonstrate *prima facie* eligibility for relief on the ground his claim was impermissibly speculative because he failed to establish that "his practice of Christianity would fall outside the practice of the government-sanctioned churches within China." *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The BIA did not abuse its discretion in reaching that conclusion. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a petitioner's fear was speculative at best in the absence of solid support in the record for the assertion that the petitioner would be subjected to persecution). Chen asserts that "those who wish to truly practice Christianity and to study the teachings of the Bible must join unrecognized, underground Christian churches" because "the priests in the recognized churches are appointed by the Communist officials to preach the Bible with a Communist twist." Nonetheless he does not point to any material evidence that the BIA failed to consider indicating that his practice of Christianity would force him to join an underground church or that he would be persecuted for doing so. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315 n. 17 (2d Cir.2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).