SUMMARY ORDER

Sukhdev Singh Gill, a native and citizen of India, seeks review of a December 4, 2008, order of the BIA denying his motion to reopen proceedings. In re Sukhdev Singh Gill, No. A073 628 066 (B.I.A. Dec. 4, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006).
We conclude that the agency did not abuse its discretion in denying Gill’s motion to reopen. The Immigration and Nationality Act (“INA”) and its implementing *726 regulations provide that an individual may-only file one motion to reopen, and must do so within ninety days of the issuance of a final administrative order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). These limitations, however, do not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances arising in his country of nationality, if the evidence submitted is material and was unavailable and undiscoverable at the time of his hearing before the IJ. See 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(e)(3)(ii). Here, Gill’s second motion to reopen was untimely, as it was filed with the immigration court more than eight years after the BIA issued his final order of removal.
In his brief to this Court, Gill does not sufficiently address the BIA’s conclusion that he failed to provide sufficient evidence that the recent harm he alleged was on account of a protected ground. See I.N.S. v. Abudu, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (finding that a mov-ant’s failure to establish a prima facie case for asylum is a proper basis to deny a motion to reopen). He claims that the death of his father in June 2006 and the police’s violent actions against his family in March 2008 constituted changed circumstances in India. However, Gill submitted no evidence indicating that the police’s alleged beating of his father was related in any way to Gill or his political activities. As for his claim that the police raided his family’s home in June 2008, the affidavits he submitted do not indicate the reasons for the police’s actions. While the affidavits state that the police demanded his return and surrender, they indicate neither the reasons they sought Gill, nor the treatment that he faces upon his return. Without more, Gill cannot demonstrate that he has a well-founded fear of persecution, as he is unable to demonstrate that the Punjabi authorities have a continuing interest in him for his political activities, or for any other reason that is protected under the INA. See Abudu, 485 U.S. at 104, 108 S.Ct. 904; 8 U.S.C. § 1101(a)(42). Accordingly, we cannot conclude that the BIA abused its discretion in finding that he “has not provided sufficient evidence that the alleged harm suffered by family members was on account of a protected ground.” See Abudu, 485 U.S. at 104, 108 S.Ct. 904.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).