09-3757-ag
Huang v. Holder

BIA
A079 741 586

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of July, two thousand ten.

PRESENT:
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
        DENNY CHIN,
                *Circuit Judges.*

_____

YONG SHING HUANG,
A.K.A. YONG SHENG HUANG,
        *Petitioner*,

        v.                                      **09-3757-ag**
                                                **NAC**
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Jed S. Wasserman, New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Emily Anne Radford,
                       Assistant Director; Aviva L.
                       Poczter, Senior Litigation Counsel,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yong Shing Huang, a native and citizen of the People's Republic of China, seeks review of an August 6, 2009, order of the BIA denying his motion to reopen. *In re Yong Shing Huang*, No. A079 741 586 (B.I.A. Aug. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Huang's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Huang's motion to reopen, which was indisputably untimely.

As the BIA found, Huang's alleged membership in the

2

China Democracy Party ("CDP") was a change in his personal circumstances, not a change in country conditions. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008). Although Huang asserts that conditions for pro-democracy supporters in China have worsened since the time of the IJ's decision, changing one's personal circumstances in a way that coincides with changes in one's country-years after being ordered removed–does not meet the changed country conditions exception set forth at 8 U.S.C. § 1229a(c)(7)(C)(ii). As we have observed, the existing legal system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application." *Yuen Jin*, 538 F.3d at 155; *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

We find no abuse of discretion in the BIA's determination that the unauthenticated subpoena and unsworn declaration Huang submitted failed to satisfy his burden of demonstrating that reopening was warranted. *Id.*; *see* 8 C.F.R. § 1003.2(b)(3)(ii). Moreover, contrary to

Huang's argument, the record does not demonstrate that the BIA failed to consider any of the background evidence he submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006); *see also Wei Guang Wang*, 437 F.3d at 275.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4