09-5022-ag
Chen v. Holder

BIA
A097 530 494

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand ten.

PRESENT:
        JOSEPH M. McLAUGHLIN,
        GUIDO CALABRESI,
        RICHARD C. WESLEY,
                *Circuit Judges.*

_____

LIN CHEN,
_____*Petitioner,*

        v.                              09-5022-ag
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Jed S. Wasserman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; Aaron R. Petty, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a

decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Lin Chen, a native and citizen of the People's Republic of China, seeks review of a November 6, 2009, order of the BIA denying her motion to reopen. *In re Lin Chen*, No. A097 530 494 (B.I.A. Nov. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Chen's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1). Moreover, even if the evidence presented with a motion to reopen is both material and previously unavailable, an alien's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for asylum, which means she must show a 'realistic chance' that she will be able to obtain such relief." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (quoting *Poradisova v. Gonzales*, 420 F.3d 70, 78

2

(2d Cir. 2005)).  Here, the BIA did not abuse its discretion in denying Chen's motion to reopen.

Contrary to Chen's argument, the BIA did not fail to consider any of Chen's background evidence in finding that she failed to demonstrate her *prima facie* eligibility for relief based on her membership in the China Democracy Party ("CDP").  *See id.* at 169 (finding that, where the agency provides rational explanations for its conclusions, it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner")(citation omitted).  Here, as the BIA noted, all of the articles and other evidence Chen submitted did not pertain to individuals similarly situated to Chen, namely those who conducted CDP activities in the United States.  Rather, these articles pertained to individuals who were imprisoned in China for democratic activities they carried out in China.  And, as the BIA explained, "in the absence of specifics" it could not "simply extrapolate" as to how Chen's "activities in the United States would be viewed."  Thus, we find no error in the BIA's determination that Chen's background evidence failed to demonstrate her *prima facie* eligibility for relief.  *See id.* at 168.

We also find no merit in Chen's argument that the BIA

3

failed to consider adequately the letters from Chen's daughter and sister stating that police came to Chen's house looking for Chen and stating that they are aware of her CDP activities. As discussed above, this evidence does not overcome the BIA's concern that, even if the Chinese government were aware of Chen's support for the CDP, Chen did not present any evidence demonstrating that she would be subject to the same treatment as political dissidents who carry out their activities in China. Consequently, we find no abuse of discretion in the BIA's denial of Chen's motion to reopen based on its finding that the evidence she presented failed to demonstrate her *prima facie* eligibility for relief. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4