Bektesevic v. Holder

BIA
A078 710 584

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of June, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

FIKRET BEKTESEVIC,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

10-1443-ag
NAC

| | |
|---|---|
| FOR PETITIONER: | Andrew P. Johnson, Law Offices of Andrew P. Johnson, New York, New York. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Jeffrey J. Bernstein, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Fikret Bektesevic, a native and citizen of the former Yugoslavia, seeks review of a March 19, 2010, decision of the BIA denying his motion to reopen his removal proceedings. *In re Fikret Bektesevic*, No. A078 710 584 (B.I.A. March 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not err in denying Bektesevic's untimely motion to reopen. "[A] party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2).

2

Indisputably, Bektesevic's September 2009 motion was untimely because it was filed almost four years after the BIA's September 2005 decision dismissing his appeal. The 90-day filing deadline for motions to reopen does not apply, however, if a motion is "based on changed circumstances arising in the country of nationality . . . [and] if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA reasonably concluded that the evidence Bektesevic submitted in support of his motion was not material, and therefore could not meet the "heavy burden" necessary to demonstrate that reopening was warranted. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

In support of his motion, Bektesevic submitted a letter from friends and family members stating that, as an ethnic Bosniak, he would suffer discrimination and harassment if returned to Kosovo. He also submitted several news articles discussing increasing ethnic tensions between Albanians and Serbs in Kosovo. However, as Bektesevic acknowledges in his brief, he is neither Albanian nor Serbian, and none of the evidence he submitted discussed how conditions for Bosniaks had deteriorated or changed since Kosovo's declaration of independence. Accordingly, the BIA did not abuse its discretion in denying his untimely motion to reopen. *See*

3

8 C.F.R. § 1003.2(c)(3)(ii) (noting that new evidence submitted with a motion to reopen must be material); *Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4