10-2715-ag
Huang v. Holder

BIA
A077 317 960

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of March, two thousand twelve.

PRESENT:
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
                *Circuit Judges*.[1]

_____

QIAO XING HUANG, AKA, ENZO KAYOKO,
        *Petitioner*,

        v.                                    10-2715-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:         Peter S. Gordon, Gordon & Gordon,
                        P.C., Forest Hills, N.Y.

---

[1] The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

FOR RESPONDENT:  Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Katheryn L. DeAngelis, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qiao Xing Huang, a native and citizen of the People's Republic of China, seeks review of a June 14, 2010, order of the BIA denying her motion to reopen her removal proceedings. *In re Qiao Xing Huang*, No. A077 317 960 (B.I.A. June 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006)(per curiam). Here, the BIA did not abuse its discretion by denying Huang's motion to reopen as untimely and number-barred, as it was her second motion to reopen and she filed it seven years after her final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A),(C)(2006); 8 C.F.R. § 1003.2(c)(2)(2011).

2

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii)(2006), the BIA reasonably concluded that only Huang's personal circumstances had changed, as her claim was based on the fact that she began practicing Falun Gong in the United States in 2008. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008).

Moreover, substantial evidence supports the BIA's determination that Huang failed to establish that conditions in China had changed materially for Falun Gong practitioners. While the evidence indicated that repression of Falun Gong practitioners increased around the 2008 Olympics, the evidence also demonstrated that the repression has been constant and ongoing since the time of Huang's hearing in 2001, and Huang did not submit evidence indicating that any increased repression of Falun Gong practitioners continued after the 2008 Olympics and into 2009. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.")(internal quotation marks omitted); *see*

3

*also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings regarding changed country conditions under the substantial evidence standard).

Finally, given the BIA's explicit references to the documentation submitted with the motion to reopen, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any of Huang's evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006)(holding that the BIA is not required to "expressly parse or refute on the record each" individual argument or piece of evidence offered by the petitioner as long as it "has given reasoned consideration to the petition, and made adequate findings")(internal quotation marks omitted).  Accordingly, the BIA did not abuse its discretion by denying Huang's motion.  *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4