Azmond ALI, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States,* Respondent.

Docket No. 04–4584–AG.

United States Court of Appeals, Second Circuit.

Argued: May 11, 2006.

Decided: May 12, 2006.

* United States Attorney General Alberto R. Gonzales is substituted as Respondent. *See* Fed. R.App. P. 43(c)(2).

**516**

Kai W. De Graaf, New York, NY, for Petitioner.

Dione M. Enea, Special Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, and Steven Kim, Assistant United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Respondent.

Before: WINTER, CABRANES, and RAGGI, Circuit Judges.

PER CURIAM.

We consider here (1) whether the Board of Immigration Appeals ("BIA") abused its discretion in denying a motion to reopen removal proceedings on the basis that petitioner's motion was untimely and petitioner was not entitled to equitable tolling under *Iavorski v. INS*, 232 F.3d 124 (2d Cir.2000), because he failed to exercise due diligence in pursuing his case, and, as a matter of first impression in this Circuit, (2) whether we have jurisdiction to review the BIA's decision not to exercise its "*sua sponte* authority" to reopen removal proceedings under 8 C.F.R. § 1003.2(a) [1]—*i.e.*, its decision not to exercise its authority to reopen removal proceedings on its own motion.

Azmond Ali, a native and citizen of Bangladesh, petitions this Court for review of an August 24, 2004 decision of the BIA denying his motion to reopen his immigration proceedings for the purpose of seeking an adjustment of status to that of lawful permanent resident. The BIA denied Ali's motion to reopen on the grounds that (1) the motion was "over 7 years late" and was therefore untimely under 8 C.F.R. § 1003.2(c)(2),[2] and (2) that, in the circumstances presented, the filing deadline could not be tolled on account of the asserted incompetence of Ali's original counsel because Ali "made no effort after 1996 to learn of the status of his case" and there-

---

**1.** 8 C.F.R. § 1003.2(a) provides, in relevant part, that

The [BIA] may at any time reopen or reconsider on its own motion any case in which it has rendered a decision. A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by any party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.

**2.** Ali's motion to reopen was filed on July 30, 2004, more than eleven years after the BIA dismissed his original appeal on September 1, 1992, and nearly eight years after the September 30, 1996 deadline imposed by 8 C.F.R. § 1003.2(c)(2).

fore "fail[ed] to establish [that] he exercised diligence in pursuing his rights."

■ We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen "are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence." *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Morgan v. Gonzales*, 2006 WL 1030228, at *4 (2d Cir. Apr.20, 2006) (noting that motions to reopen are disfavored). A motion to reopen ordinarily must be filed within ninety days of the entry of the final decision in the underlying proceeding. *See* 8 C.F.R. § 1003.2(c)(2). This provision may be subject to equitable tolling provided that the petitioner has "pass[ed] with reasonable diligence through the period [he] seeks to have tolled." *Iavorski*, 232 F.3d at 134 (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996)). While ineffective assistance of counsel may, under certain circumstances, provide a sufficient basis for equitable tolling, "an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Id.* at 135; *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) (noting that "no matter how egregious[ ] ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled").

■ Upon our review of the record and of the August 24, 2004 order issued by the BIA, we hold that the BIA did not abuse its discretion in determining either that (1) petitioner's motion to reopen immigration proceedings was untimely, or that (2) petitioner failed to exercise "reasonable due diligence during the time period sought to be tolled," *Cekic*, 435 F.3d at 170. Instead, the BIA correctly concluded that Ali "made no effort after 1996 to learn the status of his case" despite having (a) been aware of his initial deportation order, (b) made several unsuccessful attempts to contact his attorney and (c) recognized his attorney's incompetence in his initial hearing before the Immigration Judge—a hearing which took place more than seventeen years prior to Ali's decision to file a motion to reopen.[3]

■ Ali further argues that, despite the untimeliness of his motion to reopen and any lack of due diligence on his part, the BIA erred by declining to reopen his removal proceedings *sua sponte* under 8 C.F.R. § 1003.2(a). *See* note 1, *ante*. While Ali concedes that "[u]nder its own authority *and discretion*, the Board '*may* at any time reopen or reconsider on its own motion any case in which it had rendered a decision,'" Pet'r's Br. at 35 n. 10 (emphasis added), he insists that "the Board should nonetheless have exercised such authority here as the Petitioner certainly presents compelling and exceptional circumstances upon which to act," *id.* at 35.

It is a matter of first impression in this Circuit whether we have jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen removal proceedings. According to the relevant provision in the Code of Federal Regula-

---

**3.** Ali catalogues numerous "blaring examples of Attorney Qazi Moid's incompetence," all of which are based on Moid's conduct during a hearing before an Immigration Judge on June 29, 1987. *See* Pet'r's Br. at 8–10.

tions, the BIA "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.... The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of [8 C.F.R. § 1003.2]. The Board has discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

Several other circuits have concluded that the BIA's failure to reopen removal proceedings *sua sponte* is a discretionary decision that cannot be reviewed by the Courts of Appeals. *See Enriquez–Alvarado v. Ashcroft,* 371 F.3d 246, 249–50 (5th Cir.2004) (holding that because the "Code of Federal Regulations suggests that no meaningful standard exists against which to judge an IJ's decision to exercise *sua sponte* authority to reopen deportation proceedings," such decisions are committed to the discretion of the BIA and therefore unreviewable); *Belay–Gebru v. INS,* 327 F.3d 998, 1000–01 (10th Cir.2003) (same); *Calle–Vujiles v. Ashcroft,* 320 F.3d 472, 474–75 (3d Cir.2003) (same); *Ekimian v. INS,* 303 F.3d 1153, 1157–58 (9th Cir. 2002) (same); *Luis v. INS,* 196 F.3d 36, 40–41 (1st Cir.1999) (same); *see also Pilch v. Ashcroft,* 353 F.3d 585, 586 (7th Cir. 2003) ("[F]ailure to reopen *sua sponte* is a discretionary decision that is unreviewable ...."); *Anin v. Reno,* 188 F.3d 1273, 1279 (11th Cir.1999) (holding that 8 C.F.R. § 1003.2(a) gives the BIA "non-reviewable discretion" to decline to reopen deportation proceedings).

■ We hereby join our sister circuits in holding that a decision of the BIA whether to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary and therefore beyond our review—in other words, we lack jurisdiction to review the BIA's decision not to reopen Ali's immigration proceedings *sua sponte.*

\* \* \* \* \* \*

We have considered all of petitioners' arguments and found each of them to be without merit. Accordingly, we DENY those parts of Ali's petition for review that pertain to the BIA's denial of Ali's motion to reopen and DISMISS for lack of jurisdiction Ali's challenge to the BIA's discretionary decision not to exercise its authority to reopen proceedings *sua sponte.*

