**Zhong Cheng CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0694–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2008.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for Petitioner.

Surell Brady, Trial Attorney, Terri J. Scadron, Assistant Director, Office of Immigration Litigation, United States Department of Justice; Jeffrey S. Bucholtz, Acting Assistant Attorney General, Washington, D.C., for Respondent.

Present JOSEPH M. McLAUGHLIN, GUIDO CALABRESI, and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhong Cheng Chen, a native and citizen of the People's Republic of China, seeks review of the January 14, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Zhong Cheng Chen*, No. A98 566 142 (B.I.A. Jan. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, the BIA did not abuse its discretion in denying Chen's motion to reopen where it reasonably determined that Chen failed to establish his *prima facie* eligibility for asylum relief based on his political activities in the United States as an alleged member of the Chinese Democracy Party ("CDP").[1]

As the BIA observed, Chen did not show that the Chinese authorities knew or would likely learn of his CDP activities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir.2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either [1] aware of his activities or [2] likely to become aware of his activities."). Moreover, the BIA did not abuse its discretion in finding that Chen submitted insufficient evidence that China engaged in a pattern or practice of persecuting those engaged in CDP activities in the United States. Nearly all of Chen's evidence related to the Chinese authorities' treatment of political dissidents who acted *within* China. In addition, the BIA properly concluded that the single article Chen submitted describing the brief detention of a CDP member from the United States was insufficient to establish a pattern or practice of persecution. *See* 8 C.F.R. § 208.16(b)(2); *cf. Jian Hui Shao v. Mu-*

---

1. Chen's May 24, 2007 motion to reopen was timely. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed no later than 90 days after date on which final administrative decision was rendered). Accordingly, Chen was able to move to reopen based on changed personal circumstances, as opposed to changes in country conditions only. *Cf. id.* § 1003.2(c)(3)(ii).

*kasey,* 546 F.3d 138, 150 n. 6 (2d Cir.2008) (discussing BIA's analysis of pattern-or-practice claims); *Mufied v. Mukasey,* 508 F.3d 88, 91 (2d Cir.2007) (same). As a result, the BIA did not abuse its discretion in denying Chen's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).