**QIN CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

Nos. 07–5648–ag (L); 08–3629–ag (Con).

United States Court of Appeals, Second Circuit.

July 7, 2009.

Jay Ho Lee, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Remi Adalemo, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Qin Chen, a native and citizen of the People's Republic of China, seeks review of: (1) the November 20, 2007 order of the BIA denying her first motion to

reopen; and (2) the June 25, 2008 order of the BIA denying her second motion to reopen. *In re Qin Chen,* No. A077 323 159 (B.I.A. Nov. 20, 2007); *In re Qin Chen,* No. A077 323 159 (B.I.A. June 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Chen's untimely motions to reopen.

Chen waives any challenge to the BIA's dispositive finding that she failed to demonstrate material changed country conditions excusing the untimeliness of her first motion to reopen. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Moreover, contrary to Chen's argument, the BIA did not err in finding that she failed to demonstrate material changed country conditions excusing the time limitation for filing her second motion to reopen. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Indeed, the purportedly material evidence that Chen argues the BIA failed to consider consisted only of unattri-

buted reports of forced sterilizations in provinces other than Chen's home province of Fujian and documents that did not describe the forced sterilization of similarly situated individuals, *i.e.,* Chinese nationals with U.S. citizen children. *See Jian Hui Shao,* 546 F.3d at 160–61 (finding that the BIA reasonably concluded that "unattributed 'reports' of forced sterilization that lack[ ] any specificity as to number or circumstance" do not, by themselves, demonstrate a reasonable possibility that a petitioner will face future persecution).

Because Chen waives any challenge to the BIA's dispositive finding that she failed to demonstrate material changed country conditions excusing the untimeliness of her first motion to reopen and because the BIA did not err in denying her second motion to reopen as untimely, we need not consider Chen's remaining arguments.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).