MING XI HE, Petitioner,

v.

Eric H. HOLDER Jr., United States Attorney General,* United States Department of Justice, Respondents.

No. 07–5015–ag.

United States Court of Appeals,
Second Circuit.

July 7, 2009.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming Xi He, a native and citizen of the People's Republic of China, seeks review of an October 17, 2007 order of the BIA denying her motion to reopen. *In re Ming Xi He,* No. A077 107 478 (B.I.A. Oct. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, we lack jurisdiction to consider He's argument that the BIA abused its discretion in declining to reopen her proceedings *sua sponte* based on her challenge to the BIA's underlying denial of her first motion to reopen. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006); *see also Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir. 2001).

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying He's untimely motion to reopen.

He argues that the BIA erred in concluding that she failed to demonstrate either material changed country conditions sufficient to excuse the untimeliness of her motion to reopen or her *prima facie* eligibility for relief. However, we have previously reviewed the BIA's consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* at 169–73 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Similarly, the BIA's determination that He was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).