XIN WEN ZHENG, Petitioner,

v.

Eric H. HOLDER Jr., United States
Attorney General,* Respondent.

No. 08–3200–ag.

United States Court of Appeals,
Second Circuit.

July 17, 2009.

Gary J. Yerman, New York, NY, for
Petitioner.

Gregory G. Katsas, Assistant Attorney
General; Ernesto H. Molina Jr., Assistant
Director; Dana M. Camilleri, Attorney,
Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief
Judge, JON O. NEWMAN, and PIERRE
N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xin Wen Zheng, a native and
citizen of the People's Republic of China,
seeks review of a June 5, 2008 order of the
BIA affirming the March 6, 2007 decision
of an Immigration Judge ("IJ"), which denied his motion to reopen. *In re Xin Wen
Zheng,* No. A73 148 596 (B.I.A. Jun. 5,
2008), *aff'g* No. A73 148 596 (Immig. Ct.
N.Y. City Mar. 6, 2007). We assume the

parties' familiarity with the underlying
facts and procedural history in this case.

When the BIA adopts the decision of the
IJ and supplements the IJ's decision, this
Court reviews the decision of the IJ as
supplemented by the BIA. *See Yan Chen
v. Gonzales,* 417 F.3d 268, 271 (2d Cir.
2005). We review the agency's denial of a
motion to reopen for abuse of discretion.
*Ali v. Gonzales,* 448 F.3d 515, 517 (2d
Cir.2006). Where the agency considers
relevant evidence of country conditions in
evaluating a motion to reopen, we review
the agency's factual findings under the
substantial evidence standard. *See Jian
Hui Shao v. Mukasey,* 546 F.3d 138, 169
(2d Cir.2008). We find that the agency did
not err in denying Zheng's untimely motion to reopen or in finding him ineligible
to file a successive asylum application.

Zheng argues that the BIA erred in
concluding that he failed to demonstrate
material changed country conditions sufficient to excuse the time limitation for filing
his motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar
evidence in the context of an untimely
motion to reopen and have found no error
in its conclusion that such evidence was
insufficient to establish material changed
country conditions or an objectively reasonable fear of persecution. *See id.* at
169–72 (noting that "[w]e do not ourselves
attempt to resolve conflicts in record evidence, a task largely within the discretion
of the agency"); *see also Wei Guang
Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.
2006) (noting that while the BIA must
consider evidence such as "the oft-cited
Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

summary fashion without a reviewing court presuming that it has abused its discretion").

Finally, Zheng has waived any challenge to the BIA's finding that he was ineligible to file a successive asylum application based on his changed personal circumstances. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).