SUMMARY ORDER

Petitioner Mei Yian Chen, a native and citizen of the People’s Republic of China, seeks review of a January 31, 2008 order of the BIA denying her motion to reopen. In re Mei Yian Chen, No. A077 293 491 (B.I.A. Jan. 31, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mulcasey, 546 F.3d 138, 169 (2d Cir.2008).
In her brief, Chen fails to challenge the BIA’s dispositive finding that she failed to *529 demonstrate changed country conditions, thus waiving any such argument. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because evidence showing of a material change in circumstances in China is required to excuse Chen’s untimely and number-barred motion to reopen, we need not disturb the agency’s decision. Regardless, we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. See Jian Hui Shao, 546 F.3d at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. B.I.A., 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).