09-2720-ag
Kumarasinghe v. Holder

BIA
A 029 029 432
A 070 900 983
A 070 900 984

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand ten.

PRESENT:
>       JOHN M. WALKER, JR.,
>       BARRINGTON D. PARKER,
>       REENA RAGGI,
>            *Circuit Judges.*

_____

SISIRA KUMARASINGHE, ANULA RATNAYAKE, JAYASANKA KUMARASINGHE,
>       *Petitioners,*

>            v.                                           09-2720-ag
>                                                         NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Sisira Kumarasinghe, *pro se*, Staten Island, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Jamie M. Dowd, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Sisira Kumarasinghe, Anula Ratnayake, and Jayasanka Kumarasinghe, natives and citizens of Sri Lanka, seek review of the May 29, 2009 order of the BIA denying their motion to reopen.[1] *In re Sisira Kumarasinghe*, *Anula Ratnayake, Jayasanka Kumarasinghe*, Nos. A 029 029 432, 070 900 983, 070 900 984 (B.I.A. May 29, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). In doing so, we assume the parties' familiarity

---

[1] Sisira Kumarasinghe is the lead respondent in this case. Anula Ratnayake, his wife, and Jayasanka Kumarasinghe, his son, are included as derivative applicants.

2

with the facts and the record of prior proceedings, which we reference only to the extent necessary to explain our decision.

Having thoroughly reviewed the record, we identify no abuse of discretion in the BIA's denial of petitioners' motion to reopen as untimely. First, it is undisputed that the motion to reopen was filed more than six years after the BIA's June 2002 final order. *See* 8 C.F.R. § 1003.2(c)(2) (providing that motion to reopen "must be filed no later than 90 days after" final administrative order). Although there is no time limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," *id.* § 1003.2(c)(3)(ii), the BIA properly found that petitioners failed to demonstrate that their motion satisfied the requirements of this exception. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

Petitioners argue that they demonstrated changed country conditions based on the government's violation of 8 C.F.R. § 208.6. We are not persuaded. Under § 208.6,

3

"[i]nformation contained in or pertaining to any asylum application . . . shall not be disclosed without the written consent of the applicant." *Id.* The relevant inquiry therefore is "whether the information disclosed by the government was sufficient to give rise to a reasonable inference" that the petitioners had applied for asylum. *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 264 (2d Cir. 2006).

Here, the BIA properly found that because petitioners submitted no evidence demonstrating that the details of their asylum claims were disclosed to the American consulate, the consulate could not have relayed such information to Sri Lankan authorities. Furthermore, although petitioners submitted a letter from local police requesting that Sisira Kumarasinghe appear for "an official matter," the BIA concluded that the letter was not only unauthenticated but also failed to provide any indication that the police were aware of petitioners' claims for asylum. *Cf. Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005) (holding that IJ may not reject asylum seeker's document *solely* because it is unauthenticated); *Jian Xing Huang v. INS*, 421 F.3d 125, 129

4

(2d Cir. 2005) (concluding that fear not objectively reasonable if it lacks "solid support" in record and is merely "speculative at best").  On this record, the BIA's determination that the government did not violate § 208.6 was not an abuse of discretion.

Petitioners also contend that they demonstrated *prima facie* eligibility for relief on account of changed country conditions by pointing to Sisira Kumarasinghe's support of a political opponent of the Sri Lankan President.  This contention is unavailing.  A statement submitted by Sisira Kumarasinghe's brother-in-law gave no indication that Sri Lankan authorities were aware of Kumarasinghe's alleged return to political activity.  Nor did petitioners submit any corroborating evidence in support of the claim of renewed political involvement, which contradicted Sisira Kumarasinghe's testimony that he had not been involved in politics for more than twenty years.  *Diallo v. INS*, 232 F.3d 279, 285-86 (2d Cir. 2000) (corroborating evidence "may be required where it would reasonably be expected").  As the BIA noted, such corroborating evidence should have been readily available given Sisira Kumarasinghe's assertion that the former President of Sri Lanka personally contacted him and asked him to contest a local election.  In light of

5

these facts, the BIA did not abuse its discretion in rejecting petitioners' claim that Sisira Kumarasinghe's renewed political involvement demonstrated changed country conditions sufficient to cure the untimeliness of their motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Petitioners' remaining arguments that the BIA engaged in improper fact-finding and applied the wrong legal standard also fail. In assessing whether petitioners' evidence of changed country conditions was "material and was not available and could not have been discovered or presented at the former hearing," 8 C.F.R. § 1003.2(c)(1), the BIA did nothing more than perform the function legally required of it.

Having determined that petitioners failed to demonstrate changed country conditions and that their motion to reopen was therefore untimely, the BIA had no occasion to reach petitioners' claims for relief under the Convention Against Torture.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk