09-2665-ag
Ndoci v. Holder

BIA
A079 727 140

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

ALBANA NDOCI,
> *Petitioner,*

v.                                                    09-2665-ag
                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Andrew P. Johnson, New York, New York.

FOR RESPONDENT:              Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Albana Ndoci, a native and citizen of Albania, seeks review of the May 29, 2009, order of the BIA denying her motion to reopen her removal proceedings. *In re Albana Ndoci*, No. A079 727 140 (B.I.A. May 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

The BIA did not abuse its discretion in denying Ndoci's motion to reopen as untimely, as she filed it more than seven months after the BIA's order upholding the immigration judge's underlying merits decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time limitation does not apply to a motion to reopen seeking to apply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or

2

presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), substantial evidence supports the BIA's finding that Ndoci did not demonstrate a change in country conditions in Albania.

The evidence submitted indicated a continuation, from the time of Ndoci's initial application to the time of her motion to reopen, of police abuses, violence against women, electoral deficiencies, divisiveness between the Socialist Party and the Democratic Party, and the control of local authorities in Tirana by the Socialist Party. Because the evidence demonstrated a continuation of the same conditions, the BIA reasonably concluded that there had not been a change in conditions. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008) (holding that when the agency explicitly considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the agency's factual findings under the substantial evidence standard). There is no indication that the BIA failed to consider any evidence. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274-75 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4