Kolami v. Holder

BIA
A 095 356 335
A 095 356 336
A 095 356 337

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

VALENT KOLAMI, GENTIANA KOLAMI, FRANC KOLAMI,
> *Petitioners,*

v.      12-2817
NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:      Michael P. DiRaimondo, Melville, New York.

FOR RESPONDENT:      Stuart F. Delery, Principal Deputy Assistant Attorney General; John S.

**Hogan, Senior Litigation Counsel; Aimee J. Carmichael, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Valent, Gentiana, and Franc Kolami ("Petitioners"), natives and citizens of Albania, seek review of a July 2012 decision of the BIA denying their motion to reopen. *In re Valent, Gentiana, and Franc Kolami*, Nos. A095 356 335/336/337 (B.I.A. July 10, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Petitioners' motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). In general, an alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Although Petitioners' motion was indisputably untimely because it was filed more than seven years after the agency's final order of removal, there is no time limitation if the motion is "based

on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Further, if the movant can demonstrate ineffective assistance of counsel and has exercised "due diligence" in pursuing his claim, the time limitations on a motion to reopen may be equitably tolled. *See Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008).

At the outset, we agree with the government that, with respect to ineffective assistance of counsel, Petitioners have not sufficiently challenged the BIA's dispositive finding that they failed to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), and we deem this challenge waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

Contrary to Petitioners' argument that the BIA violated their due process rights by failing to consider all of the evidence in their motion to reopen, there is substantial evidence in the BIA's opinion that it gave reasoned consideration to the relevant evidence. *See Wei Guang Wang v.*

3

*Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (rejecting argument that "where the BIA has given reasoned consideration to the petition, and made adequate findings, it must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)).

We find no error in the BIA's conclusion that Petitioners failed to demonstrate materially changed conditions in Albania that would excuse the untimely filing of their motion, as substantial evidence indicates a continuation of poor conditions that existed at the time of Petitioners' merits hearing, rather than a change in Albania's human rights practices. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) (noting that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

4

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk