11-926                                                                      BIA
Diallo v. Holder                                                     A098 361 270

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
>     *Circuit Judges*.

_____

THIERNO DIALLO,
        *Petitioner*,

        v.                                              11-926
                                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:         Theodore Vialet, New York, NY.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Cindy S. Ferrier, Assistant
                        Director; Kimberly A. Burdge, Trial
                        Attorney, Office of Immigration
                        Litigation, United States Department
                        of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Thierno Diallo, a native and citizen of Guinea, seeks review of a February 22, 2011, decision of the BIA denying his motion to reopen. *In re Thierno Diallo*, No. A098 361 270 (B.I.A. Feb. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Diallo's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). A motion to reopen proceedings "must be filed no later than 90 days after the date on which the final administrative decision was rendered," unless the movant provides previously unavailable material evidence. 8 C.F.R. § 1003.2(c)(1), (2). Where, as here, the motion to reopen is untimely, failure to offer such evidence is a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

We find that the BIA did not abuse its discretion in finding that Diallo failed to establish his *prima facie* eligibility for relief based on his fear that the Guinean military regime was actively pursuing him or would harm him on account of his political activities in the United States. See *Abudu*, 485 U.S. at 104-105. In support of his motion, Diallo submitted letters from his brother and friend describing the Guinean military's suppression of peace demonstrators at a 2009 peace rally, and warning Diallo that his life would be in danger if he returned to Guinea. The BIA, however, reasonably afforded little weight to this evidence because, as the BIA found, the letters were "unauthenticated" and possessed "little indicia of reliability," particularly in light of Diallo's underlying adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007) (relying on the doctrine of *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceedings). Moreover, although Diallo

3

submitted evidence in an attempt to demonstrate changed country conditions, the BIA reasonably determined that any potential future harm that Diallo may suffer in Guinea as a result of civil strife and societal violence did not constitute a valid basis for asylum, as the harm would not be on account of a protected ground. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (stating that "persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground"). Thus, we need not decide whether Diallo established materially changed country conditions excusing the time limitation applicable to his motion to reopen.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4