Diallo v. Holder

BIA
A073 673 978

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand thirteen.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

KENDA DIALLO, AKA KENDA DJALLO, AKA BHA FRIA,
> *Petitioner,*

> v.                                    12-4068
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Theodore Vialet, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; David V. Bernal,
                       Assistant Director; Anthony C.
                       Payne, Senior Litigation Counsel,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kenda Diallo, a native and citizen of Guinea, seeks review of a September 24, 2012, decision of the BIA denying his motion to reopen his removal proceedings. *In re Kenda Diallo*, No. A073 673 978 (B.I.A. Sept. 24, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Diallo's motion to reopen, filed in 2012, was untimely, because the BIA issued a final order of removal in Diallo's case in 2008.

Diallo contends, however, that he has established materially changed country conditions excusing his untimely motion to reopen, namely, that the government of Guinea is

2

aware of his political activities in the United States, and will persecute him on the basis of those activities and his ethnicity if he is removed to Guinea. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not abuse its discretion in finding that Diallo did not warrant reopening on this basis. It gave "reasoned consideration" to Diallo's country conditions evidence, including U.S. Department of State reports, and it reasonably found that although the reports indicated violence against opposition party members actively engaged in protests against the government, Diallo did not establish that the government had persecuted individuals based on their political activities outside the country. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Although Diallo argues that the evidence supports drawing inferences in his favor, we review only whether a reasonable adjudicator would be compelled to make contrary findings in this case, and conclude that the BIA's findings are supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Castro v. Holder*, 597 F.3d 93, 99 (2d Cir. 2010).

3

Diallo also argues that if removed to Guinea, he would continue to participate in activities with an opposition political party and be persecuted on the basis of his future activities.  This argument was not exhausted before the agency, and we decline to consider it.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk