13-4433
Ramos-Carrillo v. Lynch

BIA
Montante, I.J.
A089 002 626

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fifteen.

PRESENT:
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
             *Circuit Judges*.
_____

LORENZO RAMOS-CARRILLO, AKA JUAN
CARLOS HERNANDEZ-CRUZ, AKA JUAN
HERNANDEZ-ROJO,
        *Petitioner*,

        v.                                          13-4433
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.**
_____

FOR PETITIONER:            Jose Perez, Law Offices of Jose
                           Perez, P.C., Syracuse, NY.

---

* Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric Holder, Jr.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Edward C. Durant, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lorenzo Ramos-Carrillo, a native and citizen of Guatemala, seeks review of an October 24, 2013, decision of the BIA affirming the April 12, 2012, decision of an Immigration Judge ("IJ") denying a timely motion to reopen. *In re Lorenzo Ramos-Carrillo*, No. A089 002 626 (B.I.A. Oct. 24, 2013), *aff'g* No. A089 002 626 (Immig. Ct. N.Y. City Apr. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion, remaining mindful of the Supreme Court's admonition that such motions are "'disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.

2006) (per curiam) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).

The agency did not abuse its discretion in denying reopening. *Ali*, 448 F.3d at 517. A motion to reopen must state the new facts to be considered at the reopened hearing, and must be supported by material, previously unavailable evidence. 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.23(b)(3). Ramos-Carrillo provided no documentary evidence to support his claim that he feared persecution or torture in Guatemala. Rather, the only documents he submitted with his motion were a birth certificate for one of his children, the IJ's voluntary departure order, and his asylum application. These documents are not "affidavits" or "other evidentiary material" that support his persecution or torture claims. 8 C.F.R. § 1003.23(b)(3) (requiring that motion be filed with both application for relief and "all supporting documents" and that motion must be supported by "affidavits and other evidentiary material").

Additionally, "[a] motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former

3

hearing." 8 C.F.R. § 1003.23(b)(3). Ramos-Carrillo's asylum application relies on incidents occurring in the 1980s and between 2000 and 2004. As the agency concluded, because Ramos-Carrillo was aware of these incidents at the time of his 2011 removal hearing, they are not grounds for reopening. *See* 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1998) (holding that alien's failure to submit previously unavailable material evidence is proper ground to deny motion).

In his brief, Ramos-Carrillo does not address the agency's determination that he failed to support his motion with evidence, and that the basis for his new claims was available and known to him at the time of his initial hearing. Instead, he argues that he made a prima facie case for asylum. There are at least "three independent grounds on which the BIA might deny a motion to reopen—failure to establish a prima face case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that . . . the movant would not be entitled to the discretionary grant of relief which he sought." *Doherty*, 502 U.S. at 323. Thus, the agency's determination that Ramos-Carrillo failed to "introduce previously

4

unavailable, material evidence" was, alone, a sufficient basis for the denial and we need not reach whether Ramos-Carrillo made a prima facie case. *Id.*

Ramos-Carrillo also argues that his asylum application was timely because he could establish changed circumstances. Ramos-Carrillo conceded removability, was granted voluntary departure, and an order of removal was automatically entered when he overstayed the departure period. In order to pursue an asylum application, Ramos-Carrillo must first reopen these proceedings. We do not consider the timeliness of his application, as the agency did not abuse its discretion in denying reopening.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk