Zelaya-Martinez v. Barr

BIA
A200 818 333

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

ERICK GILBERTO ZELAYA-MARTINEZ,
> *Petitioner,*

> v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

17-1171
NAC

_____

| | |
|---|---|
| FOR PETITIONER: | Bruno Joseph Bembi, Hempstead, NY. |
| FOR RESPONDENT: | Chad A. Readler, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Sara J. Bayram, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Erick Gilberto Zelaya-Martinez, a native and citizen of El Salvador, seeks review of an April 6, 2017, decision of the BIA denying his motion to reopen. *In re Erick Gilberto Zelaya-Martinez,* No. A200 818 333 (B.I.A. Apr. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), and review findings of fact as to country conditions underlying that decision for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is undisputed that Zelaya-Martinez's January 2017 motion to reopen was untimely because it was filed nearly three years after his removal order became final in March 2014. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline for filing motion to reopen). Because the time limitation does not apply if the motion is filed to apply for asylum "based on changed country conditions arising in

2

the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii), the issue here is whether Zelaya-Martinez presented material evidence of a change in conditions in El Salvador and of his *prima facie* eligibility for relief, *see* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104 (1988). As discussed below, the BIA did not err in finding that the Zelaya-Martinez's evidence was insufficient to overcome the time limitation on his motion.

Zelaya-Martinez argues that the BIA imposed a "heavy burden" standard that is not set forth in the statute. This argument fails because that standard is set forth in case law. The BIA has held that, in moving to reopen, a movant shoulders a "heavy burden" of demonstrating "eligibility for relief or to proffer material, previously unavailable evidence." *In re S-Y-G-*, 24 I. & N. Dec. 247, 252 (BIA 2007). That standard comports with case law from both the Supreme Court and this Court. *See Abudu*, 485 U.S. at 107–10 (explaining that motions to reopen are disfavored and analogizing them to motions for a new trial in which the

3

"moving party bears a heavy burden"); *Jian Hui Shao*, 546 F.3d at 168 (noting that an alien's burden for a motion to reopen "is heavier than . . . petitioners who seek review from the BIA's adverse asylum rulings on direct appeal").

Substantial evidence supports the BIA's determination that Zelaya-Martinez failed to show that the alleged changes in El Salvador were material to his asylum claim. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Jian Hui Shao*, 546 F.3d at 169; *In re S-Y-G-*, 24 I. & N. Dec. at 253 (assessing changed conditions evidence "to determine whether the applicant has made a *prima facie* showing . . . [of] a well-founded fear of persecution"). As the BIA noted, a generalized fear of gang violence and crime is not a basis for asylum or withholding of removal. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (holding that an increase in general crime cannot support an asylum claim because a well-founded fear of persecution must be on account of an enumerated protected ground). Nor did Zelaya-Martinez's country conditions evidence link any changed conditions to a protected ground because he produced no evidence that violence against his family members or any increase in crime in El Salvador bore any

4

relation to his past dispute with a corrupt police officer. And he failed to explain how the increase in crime placed him at risk of torture so as to merit relief under the CAT. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (explaining that for CAT relief, a petitioner must establish that someone in his "particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)). Accordingly, he did not demonstrate how any change was material to his prior asylum claim, related to a protected ground, or evidence of a particular risk of torture, and the BIA did not abuse its discretion in denying his motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court