Dia v. Holder
BIA
A098 690 617

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand thirteen.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

ABDOURAHAMANE DIA,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-3540-ag
NAC

_____

FOR PETITIONER: Theodore Vialet, New York, NY.

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General; Jennifer P. Levings, Senior Litigation Counsel; Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Abdourahamane Dia, a native and citizen of Guinea, seeks review of an August 5, 2011 order of the BIA denying his motion to reopen. *In re Abdourahamane Dia*, No. A098 690 617 (B.I.A. Aug. 5, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is no dispute that Dia's 2011 motion to reopen was untimely, because his administrative order of removal became final in 2008. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). To the extent Dia contends that the time limitation does not apply to his motion to reopen because his motion is based on a material change in conditions arising in Guinea, 8 U.S.C.

2

§ 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), his arguments are unpersuasive.

We find no abuse of discretion in the BIA's determination that Dia failed to provide objective evidence of materially changed conditions in Guinea sufficient to excuse his motion's untimeliness. *See* 8 *id*. To the extent Dia challenges the BIA's finding that the letters from his uncle and mother were not persuasive evidence of changed conditions in Guinea, we will defer to the BIA's conclusion because the letters' allegations of personal harm and ongoing oppression of ethnic Peuhls and opposition political groups were not corroborated by objective evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Dia argues that news articles he submitted with his motion corroborated the letters' allegations, but the articles address only the 2010 election in Guinea and do not demonstrate that the ethnic violence against the Peuhls or the political oppression of opposition groups is ongoing in Guinea, as required to establish changed country conditions. *See In re S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007) (untimely motion to reopen must

3

demonstrate a material change of country conditions to justify reopening).  As Dia's motion did not provide objective evidence of changed conditions in Guinea, the BIA did not err in denying his motion to reopen as untimely because he did not establish an exception to the time limitation. 8 C.F.R. § 1003.2(c)(3)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii).

Moreover, with respect to Dia's prospective asylum claim based on his membership in the Union of Democratic Forces in Guinea ("UFDG"), the BIA did not abuse its discretion in concluding that any persecution of UFDG members in Guinea was not material to Dia because his affidavit was the only evidence indicating his support for the UFDG, and his motion neither rebutted the adverse credibility determination made with respect to him in prior proceedings nor provided objective evidence of his UFDG membership.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007) (concluding BIA reasonably declined to credit a document submitted with a motion to reopen to show changed country conditions where petitioner failed to challenge underlying adverse credibility determination).  As Dia failed to show that any change in the treatment of UFDG members was material, the BIA did not err in concluding that

4

his motion is not excepted from the statutory and regulatory time limitation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Accordingly, as Dia's affidavit, the letters from Dia's family members, and the news articles were the only evidence submitted to demonstrate a material change in conditions in Guinea, substantial evidence supports the BIA's determination that Dia did not establish changed country conditions, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), and the BIA did not abuse its discretion in denying his motion to reopen as untimely, 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5