12-4416
Bhullar v. Holder

BIA
A097 527 900

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of December, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

GURJEET BHULLAR,
> *Petitioner,*

v.                                                    12-4416
                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Sandro S. Paterno, Michael Kimmelman, PC, New York, NY.

**FOR RESPONDENT:**          **Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Joseph A. O'Connell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurjeet Bhullar, a native and citizen of India, seeks review of a September 28, 2012 decision of the BIA denying his motion to reopen his removal proceedings. *In re Gurjeet Bhullar*, No. A097 527 900 (B.I.A. Sept. 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our review is limited to the BIA's September 2012 order from which Bhullar has filed a timely petition for review. We review the BIA's decision for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is

no dispute that Bhullar's motion to reopen, filed in August 2012, was untimely because the BIA issued a final order of removal in April 2010, and was number-barred because it was Bhullar's second motion seeking reopening.

Accordingly, the BIA did not abuse its discretion in denying the motion, as Bhullar's marriage and the filing of the I-130 petition constituted changed personal circumstances, not changed country conditions, as is required to excuse the time and number limitations. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (making clear that time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

Although Bhullar contends that the BIA failed to state why his evidence was insufficient to warrant reopening, the only evidence Bhullar submitted with his second motion was evidence of his marriage and the I-130 petition. Given the BIA's discussion of Bhullar's evidentiary submissions in its denial of his first motion to reopen, the BIA's treatment of the new evidence was not an abuse of discretion, as proof that Bhullar had married his cousin did not remedy the

deficiencies in his evidence the BIA had previously identified, and did not establish "changed conditions arising in" India. 8 U.S.C. § 1229a(c)(7)(C)(ii).

Bhullar has not separately challenged the denial of reconsideration.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4