Zhang v. Holder

BIA
A079 456 543

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of October, two thousand fourteen.

PRESENT:
>    JOHN M. WALKER, JR.,
>    DENNIS JACOBS,
>    CHRISTOPHER F. DRONEY,
>        *Circuit Judges.*

_____

QI QING ZHANG,
>        *Petitioner,*

>    v.                                    13-2228
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Thomas D. Barra, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Timothy B. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qi Qing Zhang, a native and citizen of the People's Republic of China, seeks review of a May 14, 2013, decision of the BIA denying his motion to reopen. *In re Qi Qing Zhang,* No. A079 456 543 (B.I.A. May 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "'disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

In this case, it is undisputed that Zhang's 2013 motion to reopen was untimely because the BIA issued his final order of removal in 2005. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)

2

(providing a 90-day period for moving to reopen); *see also* 8 C.F.R. § 1003.2(c)(2) (same). However, the time limitation for filing a motion to reopen does not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in finding that Zhang failed to demonstrate a material change in the Chinese government's treatment of Falun Gong practitioners since the time of his 2004 proceedings before the IJ. As the BIA found, the record evidence demonstrated that the Chinese government had prohibited and punished severely the practice of Falun Gong since 1999. Moreover, contrary to Zhang's contention, a U.S. Department of State report's reference to the Chinese government's harvesting of organs from prisoners, including Falun Gong practitioners, is not a recent development establishing a material change in country conditions. *See* Legislative Review Activities, H.R. Rep. 107-803, at 38 (2003)(noting that the House Committee on International

3

Relations held a hearing on June 27, 2001, titled: "Organs for Sale: China's Growing Trade and Ultimate Violations of Prisoners' Rights"); *see also* 8 U.S.C. § 1182f(a) (denying entry into the United States to Chinese nationals engaged in coerced organ transplantation).

Because the record evidence does not compel the conclusion that the treatment of Falun Gong practitioners has materially changed since the time of Zhang's hearing before the IJ, the BIA did not abuse its discretion in denying his motion to reopen as untimely.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4