Wong v. Garland

BIA
A029 835 206

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-one.

PRESENT:
> GERARD E. LYNCH,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

MING WONG, AKA HEE SUK CHU YANG, AKA MING DI WANG, AKA KEE YOAN YANG,
> *Petitioner*,

v.                                                     19-3811
                                                       NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Stuart Altman, New York, NY.

FOR RESPONDENT:          Ethan P. Davis, Acting Assistant
                         Attorney General; Paul Forino,
                         Senior Litigation Counsel; Robert

D. Tennyson, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Wong, a native and citizen of China, seeks review of a November 8, 2019, decision of the BIA denying his motion to reopen. *In re Ming Wong,* No. A 029 835 206 (B.I.A. Nov. 8, 2019). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his third motion to reopen with the BIA, Wong argued that the agency did not have jurisdiction to commence removal proceedings and should permit him to apply for cancellation of removal because his notice to appear ("NTA"), which did not contain a hearing date or time, was deficient under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and thus did not vest jurisdiction with the immigration court or stop his accrual of the physical presence

2

required for cancellation.

It is undisputed that Wong's 2018 motion to reopen was untimely and number barred because it was his third motion and was filed more than 23 years after his 1994 exclusion order. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Wong argues that the BIA should have excused the time limit and reopened sua sponte given the intervening decision in *Pereira*. In *Pereira*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires an NTA to include a hearing time and place to trigger the "stop-time rule," 138 S. Ct. at 2113-20, which cuts off a noncitizen's accrual of physical presence or residence for the purposes of qualifying for cancellation of removal, *see* 8 U.S.C. § 1229b(a), (b), (d)(1). An NTA that does not contain a hearing date and time as required by *Pereira* is not cured for purposes of the stop-time rule by a subsequent hearing notice that provides the missing information. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). Nonetheless, the BIA did not err in declining either to excuse the time and number limitations on Wong's motion based on *Pereira* or to exercise its authority to reopen sua sponte because

*Pereira*, and the stop-time rule in general, is inapplicable in Wong's case.

Wong was placed in exclusion proceedings in 1994 by Notice to Applicant for Admission Deferred for Hearing Before an Immigration Judge (Form I-122). *See* 8 C.F.R. § 1240.30 ("An exclusion proceeding is commenced by the filing of Form I-122 with the Immigration Court."). *Pereira* dealt only with the requirements for an NTA in removal proceedings under 8 U.S.C. § 1229, a provision that was added to the INA by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See Pereira*, 138 S. Ct. at 2113–15; *see also* 8 U.S.C. § 1229(a)(1)(G)(i) (1996) (requiring that a notice to appear specify "[t]he time and place at which the proceedings will be held"). As the Supreme Court in *Pereira* acknowledged, pre-IIRIRA charging documents are materially different from NTAs and have different requirements. *See Pereira*, 138 S. Ct. at 2117 n.9 (recognizing that orders to show cause (which commence deportation proceedings) were not required to "include time-and-place information"); *see also* 8 U.S.C. § 1252b(a)(2)(A) (repealed 1996) (providing that written notice of the hearing time and place be given "in the

4

order to show cause *or otherwise*" (emphasis added)).  Further, given that Wong was in exclusion proceedings, he is not eligible for cancellation of removal.  *See Patel v. McElroy*, 143 F.3d 56, 60–61 (2d Cir. 1998) (holding noncitizen in exclusion proceedings ineligible for "suspension of deportation," which was the predecessor to cancellation of removal).  We lack jurisdiction to review the BIA's "entirely discretionary" decision not to exercise its authority to reopen sua sponte.  *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5