Cruz-Hernandez v. Garland

BIA
A206 079 093

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty-two.

PRESENT:
RICHARD C. WESLEY,
JOSEPH F. BIANCO,
ALISON J. NATHAN,
*Circuit Judges.*

_____

RONALD CRUZ-HERNANDEZ, AKA OMAR
OTTONIEL ASENCIO-GONZALEZ,
*Petitioner*,

v.                                                     20-358
                                                       NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Robert F. Graziano, Esq.,
                           Buffalo, NY.

FOR RESPONDENT:            Jeffrey Bossert Clark, Acting
                           Assistant Attorney General;
                           Shelley R. Goad, Assistant

Director; Kristin Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ronald Cruz-Hernandez, a native and citizen of Guatemala, seeks review of a December 27, 2019 decision of the BIA denying his motion to reopen his removal proceedings. *In re Ronald Cruz-Hernandez*, No. A206 079 093 (B.I.A. Dec. 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the BIA's denial of reopening because Cruz-Hernandez timely petitioned for review of only that decision. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir. 2001). We review the denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "An abuse of discretion may be found . . . where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary

2

or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao*, 265 F.3d at 93 (internal citations omitted). The BIA did not abuse its discretion in denying the motion to reopen because Cruz-Hernandez did not establish prima facie eligibility for any relief. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (noting that failure to establish prima facie eligibility is an "independent ground[] on which the BIA may deny a motion to reopen").

An asylum applicant must show that he suffered past persecution, or has a well-founded fear of persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). "To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable . . . and that the alleged persecutors targeted the applicant 'on account of' her membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (citing 8 U.S.C. § 1101(a)(42)); *see Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010) (explaining that "the burden [is] on the . . . applicant to establish a sufficiently strong

3

nexus" between a statutorily protected ground and persecution). It is well established that "general crime conditions" and "act[s] of random violence" are not grounds for asylum. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' . . . .").

In his motion to reopen, Cruz-Hernandez proposed his family as a particular social group, arguing that the murder of his sister Glenda in 2005 and the more recent rape of his other sister Ana in 2019 makes it "clear that now [all] . . . members of the . . . family are targets of extreme violence." Pet. Br. at 9. The BIA did not abuse its discretion in holding that Cruz-Hernandez's new evidence of the 2019 rape failed to demonstrate that he would be targeted by his sisters' assailants.[1] He presented no evidence to

---

[1] Given this conclusion, we express no opinion regarding whether a family is cognizable as "a particular social group" as defined in 8 U.S.C. § 1158(b)(1)(B)(i) and other immigration statutes. *Cf. Matter of L-E-A-,* 28 I. & N. Dec. 304, 304–05 (A.G. 2021).

support his belief that the 2019 rape was related to the 2005 murder, and his claim was speculative, *see, e.g.*, Pet. Br. at 8 ("[I]f the 2005 murder and 2019 rape[] are connected . . . ."), particularly given the nearly fifteen years between the two incidents. Absent evidence of a link, these crimes do not support his allegation that his family members are being targeted on account of their family membership. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (holding that an applicant "must provide *some* evidence of [motive], direct or circumstantial").

Moreover, to the extent that Cruz-Hernandez argues he suffered past persecution in Guatemala because he witnessed Glenda's murder at a young age, he did not provide any new evidence that Glenda's murder was on account of a protected ground or that he shared a characteristic that motivated her murder. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."); *Abudu*, 485 U.S. at 104–05 (identifying the failure to offer such evidence as a proper ground to deny a motion to reopen); *see also Tao Jiang v.*

5

*Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) ("[A]n asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member . . . because an applicant must rely upon harm the applicant has suffered individually." (internal citation omitted)).

Cruz-Hernandez's failure to show his prima facie eligibility for asylum is dispositive with respect to an application for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) ("Because the withholding of removal analysis overlaps factually with the asylum analysis, but involves a higher burden of proof, an alien who fails to establish his entitlement to asylum necessarily fails to establish his entitlement to withholding of removal.").

Finally, the BIA did not abuse its discretion in concluding that Cruz-Hernandez did not state a prima facie claim for Convention Against Torture ("CAT") relief. Although a CAT claim does not require a nexus to a protected ground, Cruz-Hernandez did not identify a reason he would be singled out for torture other than his above-discussed family membership. Accordingly, he did not present evidence to meet his burden of showing that "someone in his particular alleged

6

circumstances [was] more likely than not to be tortured." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (emphasis omitted); *see also* 8 C.F.R. § 1208.16(c)(2).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
